UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELIZA HAYDEN,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05790-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On September 20, 2010, plaintiff filed concurrent applications for disability insurance benefits and SSI alleging disability as of December 8, 2008, due to depression and panic attacks. See Administrative Record ("AR") 206-16, 250. Plaintiff's applications were denied upon initial administrative review and on reconsideration. See AR 139-42, 147-50. A hearing was held

ORDER - 1

before an administrative law judge ("ALJ") on March 21, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE") and plaintiff's mental health counsel. See AR 41-92.

On April 2, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 16-36. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 13, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. §§ 404.981, 416.1481. On September 10, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 1. The administrative record was filed with the Court on December 13, 2013. See Dkt. No. 10. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, or, alternately, further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in assessing plaintiff's residual functional capacity; and (4) in finding plaintiff to be capable of returning to her past relevant work. The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and "substantial evidence in the record as a whole supports" that

ORDER - 2

determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues the ALJ erred by failing to provide specific and legitimate reasons to reject the medical opinion of consultative examining psychologist Mary Lemberg, PhD. Dkt. No. 12, pp. 3-6. Dr. Lemberg opined plaintiff would not be able to perform work activities on a consistent basis or maintain regular attendance in the workplace, due to her psychiatric symptoms. AR 490. This opinion is significant because the VE testified that if an individual was unable to complete her assigned work tasks at least one day per week or was off task 15 to 20 percent of the time, that individual would not be able to perform any work that exists in the national economy. AR 88-90. The ALJ rejected Dr. Lemberg's opinion because: (1) it appeared to be based primarily on plaintiff's subjective reports, which were not credible; (2) it was not consistent with plaintiff's activity level; and (3) it was based on incomplete information regarding plaintiff's work history as a caregiver. AR 29. These are not specific and legitimate reasons supported by substantial evidence sufficient to reject the opinion of an examining psychologist. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

ORDER - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychologist. Lester, 81 F.3d at 830. Even when an examining psychologist's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

Based on the results of the consultative psychological examination, which included a clinical interview, records review and mental status examination ("MSE"), Dr. Lemberg opined plaintiff was limited in her ability to perform various work related functions and could not perform work activities on a consistent basis nor maintain regular attendance in the workplace, due to her psychiatric symptoms. AR 485-90. As discussed previously, Dr. Lemberg's opinion is significant because the VE testified that an individual with these limitations would not be able to perform any work that exists in the national economy. See AR 88-90.

The first reason relied on by the ALJ, that it appeared Dr. Lemberg's opinion was based primarily on plaintiff's subjective reports, was not a specific and legitimate reason supported by substantial evidence. See Lester, 81 F.3d at 830-31. In conjunction with the consultative examination, Dr. Lemberg conducted an MSE and made clinical observations of plaintiff's behaviors. See AR 488-89. Dr. Lemberg noted that plaintiff "demonstrated significant impairments on the [MSE] that is mostly likely the result of a combination of anxiety, cognitive disorder from her probable brain injury, and depression." AR 490. In addition to plaintiff's abnormal performance on MSE, Dr. Lemberg also made several objective clinical observations regarding plaintiff's presentation at the examination. For example, Dr. Lemberg observed plaintiff's behavior to be "anxious, shaking at the end, tearing up at points, covering per mouth with her hands at a few points." AR 488. Dr. Lemberg also noted plaintiff's affect was "anxious, somewhat dysphoric." AR 488. Contrary to the ALJ's assertion, there is nothing in

ORDER - 5

Dr. Lemberg's report to suggest that Dr. Lemberg relied more heavily on plaintiff's description of her symptoms than Dr. Lemberg's own objective clinical observations and findings.  See <u>Ryan v. Comm'r Soc. Sec. Admin.</u>, 528 F.3d 1194, 1200 (9th Cir. 2008).

"Like the physical examination, the [MSE] is termed the *objective* portion of the patient evaluation." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 4 (Oxford University Press 1993) (emphasis in original). The MSE generally is conducted by medical professionals skilled and experienced in psychology and mental health. Although "anyone can have a conversation with a patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a '[MSE].'"  <u>Id</u>. at 3. A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (<u>id</u>. at 4), and, in part, because it is not uncommon for a person suffering from a mental illness to be unaware that her "condition reflects a potentially serious mental illness." <u>Van Nguyen v. Chater</u>, 100 F.3d 1462, 1465 (9th Cir. 1996) (citation omitted).

Moreover, it is clear from Dr. Lemberg's report that Dr. Lemberg's opinion regarding plaintiff's functional limitations was based, at least in part, on these objective findings.  For example, Dr. Lemberg specifically noted in her report that her opinion regarding plaintiff's limitation in completing detailed and complex tasks was based on plaintiff's performance on the MSE.  <u>See</u> AR 490.  Dr. Lemberg also noted that her opinion regarding plaintiff's difficulty adapting to new environments was based on a combination of the clinical interview and MSE.  <u>See</u> AR 490.  For these reasons, the ALJ's conclusion that Dr. Lemberg's examination was based primarily on plaintiff's subjective complaints is not supported by substantial evidence in the

ORDER - 6

record. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding ALJ's rejection of doctor's opinion supported by substantial evidence when opinion was not supported by rationale, treatment notes, objective findings, nor clinical observations).

The second reason relied on by the ALJ, that Dr. Lemberg's opinion was not consistent with plaintiff's activities, was similarly not a specific and legitimate reason supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. An ALJ may properly reject the opinion of an examining psychologist "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, 157 F.3d at 725 (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). Here, however, the ALJ failed to explain how plaintiff activities were inconsistent with Dr. Lemberg's findings. See AR 29. Although the ALJ discussed plaintiff's various reported activities—including the ability to drive her children to and from school, prepare meals, do household chores, and grocery shop— the ALJ offered no explanation of how these activities were inconsistent with Dr. Lemberg's clinical findings or conclusions regarding plaintiff's functional limitations in a work setting. See e.g. AR 23. Moreover, Dr. Lemberg's report indicated that Dr. Lemberg considered many of the same daily activities—including plaintiff's ability to drive her children to school, cook meals, complete household chores and grocery shop—in forming her opinion regarding plaintiff's functional limitations. See AR 489. Because, the ALJ provided no explanation for why his interpretation of this evidence, rather than Dr. Lemberg's, was correct, the ALJ's rejection of Dr. Lemberg's opinion was not legally sufficient. See Reddick, 157 F.3d at 725 (citing Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)) ("[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct").

ORDER - 7

The final reason relied on by the ALJ, that Dr. Lemberg's opinion was based on incomplete information regarding plaintiff's past work as a care taker, also is not supported by substantial evidence sufficient to reject the opinion of an examining psychologist. See Lester, 81 F.3d at 830-31.  Here, the ALJ concluded that Dr. Lemberg based her opinion that plaintiff could not maintain employment on an inaccurate or incomplete account of plaintiff's work history, which, according to the ALJ, "Dr. Lemberg understood to be working for a few days before interference from symptoms." AR 29.  In contrast, the ALJ concluded that plaintiff's "caretaker job for Ms. Pascal ended because the claimant was in a car accident not because of her mental health symptoms." AR 29.  It is important to note that there is conflicting evidence in the record regarding plaintiff's work as a caregiver for Ms. Pascal.  Plaintiff testified at the hearing that the caregiver job for Ms. Pascal never started. See AR 58; but see AR 281(regarding work for Ms. Pascal, plaintiff reported: "Started this job could take job got into car accident hurt back and neck [sic]").

Although the ALJ's conclusion that plaintiff's work as a caretaker for Ms. Pascal ended due to a car accident was a reasonable interpretation of conflicting evidence, as plaintiff points out, the ALJ's use of this evidence to discredit Dr. Lemberg's opinion was inconsistent with the ALJ's other findings regarding plaintiff's most recent work attempts.  Based on these inconsistencies, this Court cannot find that the ALJ's final reason for rejecting Dr. Lemberg's opinion was supported by substantial evidence in the record as a whole. See Hoffman, 785 F.2d at 1425.

After her alleged disability onset date, plaintiff worked at Fashion Bug, South Sound Dispatch, and Domino's Pizza. See AR 22.  The ALJ considered this work and determined it

ORDER - 8

was an unsuccessful work attempt. AR 22.[2] In reaching this determination, the ALJ relied on plaintiff's testimony that she was forced to leave these positions after short periods of time because she was having panic attacks. See AR 22. The ALJ also considered plaintiff's post onset date work as a caregiver for Ms. Pascal; however, the ALJ determined plaintiff did not perform this work at substantial gainful levels. See AR 22.

The ALJ's rejection of Dr. Lemberg's opinion because Dr. Lemberg considered plaintiff's report that she had "only been able to work for a very short time (usually days) before her symptoms lead her to quit" was inconsistent with the ALJ's own reliance on plaintiff's reports that she was recently forced to stop work after short periods of time due to her panic attacks. Moreover, as discussed previously, there is nothing in Dr. Lemberg's report to indicate Dr. Lemberg's opinion relied more heavily on plaintiff's own accounts of her symptoms than on objective examination findings or clinical observations. For these reasons, the ALJ's rejection of Dr. Lemberg's opinion was not supported by substantial evidence in the record as a whole. See Hoffman, 785 F.2d at 1425.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th

---

[2] Ordinarily, an unsuccessful work attempt will not show a claimant is able to do substantial gainful activity, if after work for a period of six months or less, the claimant's impairment forces her or him to stop working or reduce the amount of work he or she is doing. 20 C.F.R. §§ 404.1574(c)(1), 416.974(c)(1). Additionally, there must be a significant break (at least 30 days) in the continuity of a claimant's prior work before the Commissioner will consider a claimant's work activity an unsuccessful work attempt.

ORDER - 9

Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, further administrative proceedings are necessary for the Commissioner to reassess the medical opinion of Dr. Lemberg.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled.  Accordingly, defendant's decision is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in accordance with the findings contained herein.

DATED this 9th day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10